UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Docket No. **08 MJ 0490** |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF |
| **Juan Antonio PICASSO-Hernandez,** | Title 8, U.S.C., Section 1326 Deported Alien Found in the United States |
| Defendant | |

The undersigned complainant, being duly sworn, states:

On or about **February 19, 2008** within the Southern District of California, defendant, **Juan Antonio PICASSO-Hernandez,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **20th** DAY OF **FEBRUARY 2008.**

William McCurine, Jr.
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
**Juan Antonio PICASSO-Hernandez**

## PROBABLE CAUSE STATEMENT

On February 19, 2008, Supervisory Border Patrol Agent L. Allen, was working in an area near Jamul, California. This area is approximately twelve miles east of the Otay Mesa, California Port of Entry, and seven and a half miles north of the international boundary between the United States and Mexico.

At approximately 2:30am, Border Patrol Agent C. Carlson advised other Agents via Agency radio, that he observed a group of people on the ridgeline northeast of the checkpoint. Agent Carlson gave Agent Allen directions as he walked towards the group. As he approached the group, he identified himself as a Border Patrol Agent and one individual, later identified as the defendant **PICASSO-Hernandez, Juan Antonio** began running away from him. Agent Allen chased after the defendant until he was able to stop him.

Agent Allen questioned the defendant as to his citizenship and immigration status. The defendant responded that he was a citizen of Mexico not in possession of any immigration documents that would allow him to enter or remain in the United States legally. The defendant was placed under arrest and transported to the United States Border Patrol Brown Field Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on or about 12/04/2007**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights in the Spanish language and he stated he understood these rights and was willing to answer questions without an attorney present. The defendant stated he was a citizen and national of Mexico who illegally entered the United States five or six miles east of the Tecate, California Port of Entry.

James Trombley
Senior Patrol Agent

William McCurine Jr.
U.S. Magistrate Judge

2/20/08, 0921 hrs
Date/Time